Okay our first case is Calvin Brackbill against Stephen Ruff and others. Mr. Krueckenberg. Good morning your honor. Caleb Krueckenberg for Mr. Brackbill and I'd like to reserve three minutes if I could. Your honor, the district court erred in granting summary judgment on a record that was not only equivocal but viewing the facts most favorable to Mr. Brackbill established that there was not probable cause to arrest him for the only offense that the district court relied on, which was stopping his car in the middle of the street. According to Officer Hill, the officer who stopped Mr. Brackbill, he ordered Mr. Brackbill to stop because he saw a problem with his front bumper and at his direction Mr. Brackbill stopped. Based on those facts there is a material factual dispute that should go to a jury. So we don't have to, in reviewing this matter, we could affirm on any basis it's supported by the record, could we not? That is so we could look also at the bumper violation and why wasn't driving with a bumper or bumper cover that was dragging and hitting the the chestnut street a violation of the regulations promulgated under the motor vehicle code. Well your honor, the commonwealth or the the court of common pleas decided against that and the court of common pleas thought that under Pennsylvania. They could decide against it but certainly we can look at the record, correct? Well there's there two sort of issues there and one is about the scope of the appeal because the defendants did not file a cross notice of appeal and while it's true that obviously this court can reach any issue in this context the district court did not rule on that question. But it was before them. It was before the district court. So it was before the district court and so too would it not be before us? I mean there'd be no reason for the officers to raise that on appeal. They were they were trying to defend the affirmance by the district court. Well and that is why your honor in in this circumstance that it it's not necessarily appropriate or appropriate is not the right word. It's not normal or usual for this court to breach out and decide that issue because it's not So I guess I would only ask you in trying to argue that there wasn't probable cause for the arrest for the stopping and mill. I would ask you to address whether or not there was probable cause for the arrest based on the bumper violation. Well and and I think we have the same issue with respect to a dispute of material facts because then we have the the disputed testimony about what exactly happened. There is some testimony in the record that the bumper cover was loose or was was hanging. There's also testimony that it was completely off. That's that's what the officer testified in front of the magisterial district court or the the initial violation and then we found out later that that was not true because officer Ruff who testified to that actually said I didn't see it driving. But regardless of whether it was the bumper or the bumper cover and whether it was only partially or completely off your your client it's unsputed and your client testified that that he it was off in part it was dragging on the ground he heard it make noise and that's what caused him to stop. So where is the dispute that there was some portion of the bumper or bumper cover that was dragging? Well because officer Hill I believe testified that then they put it back on and there's a they had done the initial repair where Mr. Brackbill had stopped in the street. But at some moment before the repair there was there was a deficiency with the bumper or bumper cover right and and and that it it seems could have satisfied the probable cause standard for the bumper cover violation. But I guess you also mentioned earlier that the common pleas court uh dismissed the the conviction on that but that was not under a probable cause inquiry that was a much heightened standard so where is the relevance to the probable cause? Well your honor because the common pleas court essentially said based on this record this is not as a matter of law could not be a violation of the statute and and so if we're looking at probable cause we do have to look at whether or not the facts presented to the court could establish as a matter of law a violation of that statute. So we have to look at whether something can be proven beyond a reasonable doubt in order to decide whether there was probable cause for an arrest? No we have to we have to have facts which if true could establish a violation and and so there's a difference I think and I think this is where the dispute about whether it was bumper cover whether the actual bumper because the statute says the bumper there it is a bumper violation and there's testimony in the record that this was the bumper cover this was like some additional piece that was on the front of the car that was dragging momentarily that it was re-affixed and so there is a dispute about what exactly happened there and whether there was doesn't the regulation say that no portion of a bumper may be broken torn or protruding to create a hazard? Yes. Would this even if it were the cover then would it satisfy that? Well I don't that's certainly not what the court of common pleas determined as a matter of law looking at Pennsylvania law and and I I think that is an important distinction here because this court obviously looks at Pennsylvania law as interpreted by Pennsylvania courts and I think there is also a distinction there's an argue there's a factual dispute about whether there's a hazard here because again the record is something was dragging or there was a noise that was dragging and then Officer Hill said he stopped Mr. Brackville in the middle of the street they reattached the bumper or fixed it there's a dispute the record is unclear about that. You know you talk about what the like Judge Freeman I'm not sure what the relevance of what the common pleas court did but you talk about I mean the court said at best it's de minimis infraction and it said in the interest of justice they're going to dismiss it. It doesn't sound to me like it made any findings at all that are relevant in this case. Well I it dismissed it it's not to get you know get out of here and that happens a lot. Certainly and and I think I think when we're looking back and we're trying to justify something that obviously this was not why Mr. Brackville was stopped nobody nobody's even ever sort of made that argument they stopped him because they suspected DUI and so now we're trying to come up with a reason that could possibly justify the stop looking in hindsight and that's that's a problem here because there's not enough there's not a clear probable cause there's not a clear series of events that could justify any of these alleged infractions and I think the issue though is we're not trying to figure out why he was stopped or we don't actually even I mean your client says he wasn't even stopped he was he was he pulled over of his own accord we're trying to to to look at the basis for the arrest and and we're required to look at whether there was any any appropriate basis whether there was probable cause for any violation so we have to look at this regardless of what what the uh the charge was at the time of of the offense or are you implying otherwise no of course not your honor but what I'm saying is that there when we're looking at summary judgment and we're looking at equivocal facts and disputed facts that are we're trying to or the the defense is trying to sort of make out a probable cause for some violation some reason to arrest there is a dispute and I mean the the basis that the district court ruled on was this stopping in the street which again there's a material dispute the officer who stopped Mr. Brackbill says I told him to stop I ordered him out of the car okay so if we're back to stopping in the street why have you not affirmatively forfeited that argument because your statement of material facts relied on your client's testimony that he stopped of his own accord well when we're evaluating summary judgment we look at all the facts in the record any available source yeah yeah you know yes as a general principle but if if you have told the district court this is what you should look at this is what I I think the facts are and and you did that repeatedly in in the briefing in the statement of material facts then why shouldn't we uh allow you to to focus the facts on on what you've put in your your statement of material facts well and if we look at the the sort of sequence of events I mean the the statement of material facts came first and then the defense argued there are different types of traffic violations and and the defense brief actually said Mr. Brackbill has not offered a reason to say that he couldn't pull over to the side safely the magistrate court did not rule on that alleged violation it didn't address it and then when the district court overruled the report and recommendation that's the first time we see uh the argument that Mr. Brackbill because he said he stopped on his own volition therefore violated the statute and I think in that sequence of events there's no place for Mr. Brackbill to come back and say actually your honor what about what about Officer Hill what about Pennsylvania case law that says you are allowed to stop in certain circumstances temporarily and I think in that sequence of events we have an issue but Officer Hill's testimony was was already in the when when you filed your statement of of undisputed material facts right and and so you had the opportunity to look at that and say well look there is a fact dispute here instead you said don't don't look at anything else the implication here was look only at what my client said he said that he stopped on his own and and that I mean do you do you agree that if that were taken to be true then then that could support a violation of the of the statute of about stopping in the street I I don't agree your honor because then we still have the the Pennsylvania case law interpreting this violation or at least the predecessor statute saying that a temporary stop to address the road worthiness of your vehicle is not a violation so we still have that issue even if Mr. Brackbill remembered it correctly that he stopped on his own volition but I think Officer Hill's testimony is extremely clear he says unequivocally I stepped out in front of him and ordered him out of the car in the middle of the street and if we're looking at the whole record as as we have to on summary judgment that is a material factual dispute before you sit down let's hear let's talk about fabrication of evidence for a minute so the argument is Ruff said at the preliminary hearing it was the bumper it was definitely the bumper not the cover and then four or five years later at his deposition he said I don't know but you know I'm not a mechanic so that might be impeachable it might be inconsistent but it's not contrary like how's it how does how is that evidence of fabricated evidence well your honor as the magistrate court I think recognized the issue is that Officer Ruff later said I didn't even see it I never saw the car driving and and we have other witnesses this isn't just I remembered it differently later on it's that the other officer Officer Hill said no that couldn't possibly have been true Officer Ruff wasn't even there and and I think that's where the distinction is. Thank you. Thank you. Mr. Norfleet. Good morning, your honor. My name is Andrew Norfleet before you today on behalf of the defendants in this matter for all intent and purposes the remaining defendants are defendant Hill your honor if I may I would like to address some of the questions that were asked I think what we heard from plaintiff's counsel primarily was arguments that go to the ultimate disposition of the case well could it be the bumper under statute and if it was dragging or if it wasn't those go to the ultimate question of how the case would be decided that does not go to probable cause if the court is only looking at the issue of probable cause as the district court did and should have then what happens ultimately to that charge doesn't matter the ultimate disposition of the case is not relevant to the question of probable cause what is relevant is back in august of 2015 at two o'clock in the morning what objective facts did the officers have at that time and within those objective facts there had to be something to constitute a probable cause yes your honor okay uh and and speaking to that your honor the this question of officer hill did officer hill change his testimony and well first of all I I would answer that by saying this incident happened in 2015 officer hill was deposed almost five years later could his recollection had been have been different it could have been different but respectfully I would ask why does that matter in this case one person had the most clear story of what happened that night and it's never changed and that's mr brackbill from the very beginning mr brackbill says a number of things I drove from Hershey to Harrisburg it was raining I had my windows up I didn't hear anything I get to Harrisburg I'm at an intersection it stops raining I put my windows down I start driving I hear the scraping coming from the front of my car I pull over to find out what was going on with my car I pulled over immediately in the middle of the street and it was then that officers on foot and he actually says it must have been the sound of my car that drew the officer's attention to me that's when they came to me so let's assume for the moment that we agree that there is a there is a material dispute of fact as to whether Mr. Brackwell pulled over on his own or whether he was directed by by an officer to do so have you forfeited any argument that officer ruff is entitled to qualified immunity the the district court your honor found that the that officer ruff was not open to qualified immunity so could we raise that we we did not raise that on cross appeal okay but if I may address that the the first part of your question your honor as to whether or not there's a dispute of of material fact that there is not uh and and your honor it may have been you who asked the the question I and I believe it was to plaintiff's counsel about plaintiff's counsel representing in their statement of undisputed material facts what happened in this case not only did they represent it they admitted to the defendant's statement of material facts paragraph 11 in the defendant's statement of material facts in support of the motion for summary judgment was that Mr. Brackville stopped his car in the middle of the street but would you you you agree I imagine that setting aside the statement of material facts and counterstatement the record itself the deposition transcripts show that there there would be a dispute as to what caused Mr. Brackville to stop right I mean that the officers say I I told him to stop Mr. Brackville said I stopped on my own so if it hasn't been waived or forfeited by by Mr. Brackville then then the record would show a dispute do you agree with that I wouldn't your honor respectfully uh I think for there to be a dispute of material fact it has to be something more than a could have been a a change in testimony again your honor to to to accept that argument we we would have to suggest that from the beginning of this case Mr. Brackville has been wrong he's true that we'd have to um as it were disbelieve the non-movement's own testimony but if we look at the entire record in his and the light most favorable to him then why wouldn't there be I mean why wouldn't there be a genuine dispute you have one party saying I stopped on my own the other one saying he stopped because I gestured and I told him he had to stop because your honor when you're looking at a voluminous record the the court has to decide what a dispute of material fact is and and this is not a dispute of material fact it's a it's a change a a statement made during a deposition five years after the incident took place and and it's an argument that we raised we we raised in in in our motion for summary judgment we raised this issue of the other statute the the the statute with stopping the vehicle in the middle of the street it was not until the district court found that that the plaintiffs for the first time have said well no it's up to the district court to scour the record and find a dispute of material fact and because the court did not go through all the depositions did not go through all the documents and find the statement that officer hill made that I stopped the car that somehow the plaintiffs are shifting the burden they didn't raise that issue they didn't explain that issue they've said it was the district court who failed to find it and that's simply not the burden of the district court and my colleagues at work were telling me some great quote I should give you about pigs and truffles and for the life of me I don't know what it is I think we're familiar with it yes but but uh but I I think didn't officer hill state or doesn't the arrest report also state that officer hill stopped the car it wasn't just the deposition that was years after the fact yeah again your honor the the report officer hill may have said in the report that that he stopped the vehicle but when the plaintiffs admit I you know I I can see what you're getting at you're saying why would you go to a jury and say uh plaintiff's counsel say don't believe my client but but that's I mean that really goes to the the strength of the evidence not whether a material dispute exists I would back that up one level if I may your honor my my and I know I'm not to pose questions so I'm not but the the question that I would pose is then what is the purpose of during litigation and during appellate practice that we're putting forth statements of material fact and the plaintiffs reviewed that they have said it's the district court who missed it well they missed it and we put forth our statement of material facts and again not only you're correct your honor that the plaintiff put forth a statement of material facts that that controverts what they're arguing today but more importantly the defendants did and when you put forth a statement of material facts that the plaintiffs admit to we are now coming now if if we accept that argument we're now going to come before the district court on future cases and say no at a later date even though we put forth a statement of material facts that was admitted they waived this that it's you know regardless of what's in the record the statement of material facts controls that issue is is finished correct and not only waived your honor but I think if if your honors were to accept that argument you're sending a I'm not going to get up on my soapbox and say message that that's too strong but I think there should be some concern if you say you admit to a statement in material fact you represent that to the court the the court makes a decision based on those statements of material fact and later we're going to allow one of the parties to say I get a mulligan on that I I want to change that an admission is a is a pretty serious step to take the so the statute says you can't stop like this outside of a business or residence district and the red brief says your brief says that was near a business and residential district and I think I saw something about a church nearby and a restaurant nearby what is the record evidence that this didn't occur outside that they occurred outside of a business or residential district I I would answer that with with two things your honor first the the testimony of of the officers who testified that they were on foot in that area because it's a business district in Harrisburg not only is it a business it's it's the bar district I was trying to figure out a nicer way to say it but it's it's the bars so they were on on foot patrol in that area because it's it's the in in the in a business district I believe plaintiff's testimony also indicated that there were apartments not only his apartment nearby but but there were apartments near where he stopped at the intersection on on chestnut street and and again if if I may your honor and I and I'm not going to keep going to the well on this but that that's an argument to make at a later date to say okay the statute didn't apply because the officers didn't prove it was close enough to a bar or it was not close enough to an apartment building that's not probable cause that's a standard higher than probable cause the officers only need to show objective reasonable facts at that they had at that time that it was near a bar district or a residential area so the plaintiff's counsel argued that as to the bumper violation the court of common pleas dismissed that bumper violation uh can we rely on that I I don't believe you can or are we looking at the at the statute or I'm sorry for for uh the standard for probable cause the outcome of that hearing is not determinative as to whether or not the officers had probable cause in August of 2015 that many cases go to preliminary hearings many cases go to trial charges are dismissed that doesn't mean there was that the officers were without probable cause at the time the other thing I wanted to mention your honor about that hearing in in I'm sure counsel will say it's not relevant if you look at the transcript your honor the district attorney's office was not prepared to move forward with with the hearing uh they messed up the time Mr. Brackbill's attorney at the time who who are not either of learned counsel here today said hey my client took half a day off you know why does he have to come back or why does he have to be delayed and Judge Tully said yeah that's that's fair and it's it's a de minimis if it is a violation it's a de minimis violation I'm not bringing everybody back for that it's a traditional called in some courts statutory appeals hearing correct correct okay what about their argument that uh you didn't raise bumper violation on appeal and therefore we shouldn't consider it uh your honor I I'll borrow from from plaintiff's uh argument and say it was before the court uh it was before the district court the district court considered it uh there is certainly enough probable cause and enough facts to to suggest that there was a a violation of the bumper statute ultimately the court the district court decided the case on a different issue your honor the the the district court did not reach that decision does that preclude your honors from reviewing that it does not uh the district court simply reached its decision and granted summary judgment appropriately based on a different issue and I think you said in your argument that the district court uh rejected the qualified immunity argument wasn't it the magistrate judge that rejected the qualified immunity argument it was your honor and and I'm happy to clear the the the district court accepted uh the magistrate judges that that portion of the report and recommendation the district court adopted that portion there there was not a separate finding by the district court it was simply adopted by the district court your honors I see my red light his Mr. Krakauer will hear on rebuttal thank you and your honors I would ask that the court uh affirm the district court's decision just briefly to address the the issue of of waiver or the idea that the plaintiff is is stuck with the way that they have presented the material facts and I think if we're looking at it in a broad rule as defense counsel is suggesting that that's not what we're asking for what we're asking for is this kind of circumstance where we have this post hoc uh justification where we're saying can we look in the record somewhere to justify some violation in that circumstance I think it is reasonable and appropriate to look at the whole record if if we're reaching out and saying well maybe this statute applies or maybe this statute applies then there's something very about going through that analysis then where we're looking at the whole record and where we have to I think in this kind of circumstance look at what officer hill said look at what he said in his initial report look at what he said in his testimony so I mean attorneys have agency to uh to present certain arguments to the district court and to choose not to present others and if they make a an affirmative choice to to focus on certain evidence at you know at the expense of others then why should we why should we allow them to to change course at the appeal stage and and couldn't that result in multiple remands in future cases where attorneys strategy initial strategy didn't work out well I I don't think so your honor because again I I think we're asking for a very narrow kind of a circumstance where if we look at sort of the evolution of the case I mean the court didn't even address this the magistrate judge didn't address this issue at all and all we had was was a paragraph in defense counsel's summary judgment brief that was then sort of resurrected by the district court and if we're going through that process we're just sort of searching for the record for some justification I don't think it's unreasonable to say well there's very clearly a dispute Mr. Brackbill recalled stopping he never testified affirmatively well I didn't stop because of officer hill he just said I stopped and now officer hill is saying very clearly unequivocally in his testimony I ordered him out I put my hand up I ordered him out of the car in the middle of the street but isn't it the attorney's job to tell the district court where the dispute exists such that it such that summary judgment would be inappropriate well it certainly is but again in this case the district court the first time this came out where anyone made an argument that stopping at officer hill's or under his own volition was a violation of the statute that came out from the district court because what defense counsel argued in the motion for summary judgment was well Mr. Brackbill hasn't affirmatively proved that he couldn't have pulled over to the side and so I mean what we really have is sort of this clear and ultimately all we're asking for is this court to remand for fact finding for a jury determination of this very disputed record thank you thank you for your briefs and arguments take the matter under advisement